

FILED
OCT 03 2017
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DANNY SARTAIN,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL FLETCHER, ATTORNEY GENERAL STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-145-BU-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On September 29, 2017, Petitioner Danny Sartain, filed a motion seeking "DNA Testing under 18 U.S.C. §3600, et seq., also known as 'The Innocence Protection Act of 2004.'" (Doc. 1 at 1). Sartain is a state prisoner proceeding pro se.

### I. Motion to Proceed In Forma Pauperis

Sartain has applied to proceed in forma pauperis. (Doc. 2). Because there is no reason to delay this action, Sartain's motion will be granted.

### II. 18 U.S.C. §3600 Motion

In 2008, Sartain was charged with Burglary in Montana's Eighteenth Judicial District, Gallatin County. Following a jury trial, Sartain was convicted and sentenced as a persistent felony offender to forty years in prison. The Court is

1

familiar with Mr. Sartain because he previously filed a petition for habeas relief challenging his Burglary conviction. Sartain's petition was denied on its merits. *Sartain v. Kirkegard*, et al, No. CV-12-80-BU-DLC (D. Mont. Dec. 2, 2013).

The Innocence Protection Act ("the Act") allows, under limited circumstances, federal prisoners to challenge their convictions through DNA testing. 18 U.S.C. §3600(a). Congress intended the Act to exonerate wrongfully convicted individuals whose DNA was left at crime scenes. *United States v. Watson*, 792 F. 3d 1174, 1177 (9th Cir. 2015)(discussing the Act). The scope of the Act is quite narrow and preconditions DNA testing on an individual meeting various requirements. See, 18 U.S.C. §3600(a)(1)-(10). Perhaps the most important of these requirements is that "an individual under a sentence of imprisonment or death pursuant to a conviction for a Federal offense…" 18 U.S.C. §3600(a). Because Sartain is in custody due to a conviction under Montana state law, he is not eligible for relief under this statute. Accordingly, Sartain should not be allowed to proceed under the Act.

To the extent that Sartain may attempt to argue that he is entitled to habeas corpus relief under 28 U.S.C. §2254, Congress has specifically stated the Act does not provide a basis for relief in any federal habeas corpus proceedings. 18 U.S.C. §3600(h)(2). Moreover, until Sartain obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, *see* 28 U.S.C. § 2244(b), this Court

has no jurisdiction to hear his claims, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### III. Certificate of Appealability

To the extent that a certificate of appealability is required, it is not warranted in the present case. Sartain has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason conclude the issue presented by Sartain presents a basis to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a state prisoner, Sartain is not eligible for relief under the Innocence Protection Act. Additionally, this Court is precluded from construing Sartain's filing as an application for habeas relief due to the bar on second or successive filings. Based on the foregoing, the Court makes the following:

### ORDER

Sartain's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

### RECOMMENDATIONS

1. The Motion for Postconviction DNA Testing (Doc. 1) should be **DENIED** with prejudice and the matter **DISMISSED**.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Sartain may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Sartain must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of October, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Sartain is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.